UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | **CV 13-06787 JEM** | Date | **May 2, 2018** |
|---|---|---|---|
| Title | **Munchkin, Inc. v. Luv N' Care, Ltd. and Admar International, Inc.** | | |

| Present: The Honorable | JOHN E. MCDERMOTT, UNITED STATES MAGISTRATE JUDGE |
|---|---|

| S. Lorenzo | |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| None | None |

**Proceedings:** **(IN CHAMBERS) ORDER RE PLAINTIFF'S MOTION TO DISMISS CASE UNDER RULE 41(a)(2) (Dkt. 161) AND DEFENDANTS' MOTION FOR ENTRY OF FINAL JUDGMENT DISMISSING PLAINTIFF'S SECOND AMENDED COMPLAINT WITH PREJUDICE OR, IN THE ALTERNATIVE, AN AWARD OF SUMMARY JUDGMENT OF NONINFRINGEMENT (Dkt. 164) (and Dkt. Nos. 179, 180 and 181) (Dkt. Nos. 183, 184 and 185)**

The Court concludes that Defendants Luv N'Care and Admar International, Inc. ("Defendants") are "prevailing parties" in this litigation for purposes of Fed. R. Civ. P. Rules 54, 56 and 58. The Court DENIES Plaintiff Munchkin Inc.'s Motion to Dismiss and GRANTS Defendants' Motion for Entry of Final Judgment. The Court separately will enter a form of Defendants' Amended (Proposed) Final Judgment. (Dkt. 184-1.)

### A. Plaintiff's Rule 41(a)(2) Motion to Dismiss

In its voluntary Motion to Dismiss under Rule 41(a)(2) (Dkt. 161) and in its Opposition to Defendants' Motion for Entry of Final Judgment (Dkt. 172), Plaintiff Munchkin, Inc. ("Plaintiff" or "Munchkin") initially contended that the Court should not address the prevailing party issue until <u>after</u> judgment is entered. On April 6, 2018, however, the Court entered an order indicating it would resolve the prevailing party issue <u>before</u> judgment. (Dkt. 182.) The Court's rationale was to protect Defendants from loss of a substantial right, <u>i.e.</u>, awarding of prevailing party status necessary to pursue attorney's fees and non-taxable expenses under Rule 54(d)(2). <u>Id.</u>; <u>see</u> <u>Hopkins Manufacturing Corporation v. Cequent Performance Products, Inc.</u>, 223 F. Supp. 3d 1194, 1200-03 (D. Kan. 2016). Plaintiff had presented a proposed order for a voluntary Rule 41(a)(2) dismissal with prejudice of Munchkin's claim of infringement of U.S. Patent No. 8,739,993 ("'993" Patent) with no mention of prevailing party status. (Dkt. 180-1.) Whether a Rule 41(a)(2) dismissal with prejudice is sufficient to qualify a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 13-06787 JEM | Date | May 2, 2018 |
|---|---|---|---|
| Title | Munchkin, Inc. v. Luv N' Care, Ltd. and Admar International, Inc. | | |

defendant as a prevailing party, however, remains "unsettled." Peschke Map Technologies LLC v. Miramar Development Corporation, 2016 U.S. Dist. LEXIS 50926*6. Plaintiff, moreover, declined to mitigate the risk by including a covenant not to sue in its proposed order, and also did not include in its proposed order an award of costs under Rule 54(d)(1).

Although the parties had addressed the prevailing party issue in their briefing on the competing motions regarding the form of judgment, the Court was concerned whether Plaintiff had proper notice that the prevailing party issue was to be resolved and an adequate opportunity to be heard on the issue. (Dkt. 182-3.) Accordingly, on April 6, 2018, the Court ordered briefing on the prevailing party issue. (Id.) Rather than providing supplemental briefing on whether Defendants are prevailing parties as the Court authorized, Plaintiff in its Supplemental Brief appears to concede the issue, sort of. Plaintiff says that it "does not necessarily dispute that Defendants should be deemed prevailing parties" (Dkt. 183:1) and "does not want to belabor the issue." (Dkt. 183-2.)

Plaintiff Munchkin presented a Proposed Alternative Judgment of Dismissal pursuant to Rule 41(a))(2) stating, "The dismissal of the Patent Infringement claim with prejudice will confer prevailing party status on Defendants for purposes of costs and attorney's fees under any of the applicable statutes." (Dkt. 184.) There is no provision awarding costs under Rule 54(d)(1) and there is no covenant not to sue. As the Court noted in its April 6, 2018 Order in Highway Equip. Co. v. FECO, Ltd., 469 F.3d 1027, 1035 (Fed. Cir. 2006) the Federal Circuit permitted a Rule 41(a)(2) dismissal only because Plaintiff provided a covenant not to sue. In. Peschke at *7, because of uncertainty about whether a voluntary Rule 41(a)(2) dismissal with prejudice would be sufficient to qualify a defendant as a prevailing party, the Court denied a motion to dismiss where a covenant not to sue was not provided. To be a prevailing party, there must be a judicially sanctioned "material alteration in the legal relationship between the parties." CRST Van Expedited, Inc. v. EEOC, 136 S. Ct. 1642, 1651 (2016). Enforceable judgments on the merits and court-ordered consent decrees create a material alteration in the legal relationship of the parties. Buckhannon Blv. & Care Home, Inc. v. W. Va. Dep't of Health and Human Res., 532 U.S. 598, 604 (2001). So do covenants not to sue. Highway, 469 F.3d at 1034-35.

Additionally, Munchkin in its Supplemental Brief continues to oppose any order that explicitly or implicitly ties Defendants' prevailing party status to a judgment on the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | **CV 13-06787 JEM** | Date | **May 2, 2018** |
|---|---|---|---|
| Title | **Munchkin, Inc. v. Luv N' Care, Ltd. and Admar International, Inc.** | | |

merits in favor of Defendants and against Plaintiff.  <u>Peschke</u> at *6 notes that to be a prevailing party one must receive at least some relief on the merits.  Plaintiff's position is self-contradictory, asserting Defendants are prevailing parties but have received no relief on the merits.  Plaintiff's proposed order, then, seeks a voluntary rather than judicially sanctioned dismissal and cannot "confer" prevailing party status on Defendants.  Combined with an unwillingness to add a covenant not to sue provision to its proposed judgment or to award costs, the Court concludes that Plaintiff has not mitigated the risk of prejudice to Defendants or demonstrated that a voluntary dismissal with prejudice under Rule 41(a)(2) would "avert any prejudice to defendant."  <u>Highway</u>, 469 F.3d at 1034.  The Court therefore DENIES Plaintiff's voluntary Rule 41(a)(2) Motion to Dismiss.

**B.     Defendants' Motion for Entry of Final Judgment**

Plaintiff opposes entry of final judgment under Rules 54, 56 or 58 because it contends that Defendants did not prevail on any issue as adjudicated by the Court.  During the pendency of this litigation, Defendants filed a petition for review of all the claims of the '993 Patent before the Patent Trial and Appeal Board ("PTAB") of the United States Patent and Trademark office ("USPTO" or "PTO").  On September 15, 2016, the PTAB issued a final written decision finding all of the claims of the '993 Patent invalid and unpatentable as anticipated and obvious.  (Morse Decl., Ex. C.) Munchkin appealed the PTAB decision to the Federal Circuit Court of Appeals which affirmed the PTAB decision on December 20, 2017.  (<u>Id.</u>, Exs. D and E.)  Plaintiff contends that the invalidation of the claims of the '993 Patent renders its patent infringement claims moot and deprives the Court of subject matter jurisdiction over those claims.  Thus, Plaintiff argues, the Court cannot grant a judgment in favor of Defendants on claims that are moot.

Yet no case holds that a PTAB invalidity ruling precludes entry of final judgment on infringement or conferral of prevailing party status on a defendant.  The PTAB only decided the issue of <u>validity</u> and cancelled the claims of the '993 Patent.  It did not address the issue of <u>infringement</u> which is within the purview of this Court and this Court necessarily must act to terminate Plaintiff's infringement claim.  Neither subject matter jurisdiction nor mootness of patent infringement claims after PTAB cancellation, moreover, has precluded courts from granting final judgment.  In <u>Inland Steel Co. v. LTV Steel Co.</u>, 364 F.3d 1318 (Fed. Cir. 2004), the Federal Circuit, in a case where the PTO determined that patents were invalid and cancelled the patents, was satisfied it had

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | **CV 13-06787 JEM** | Date | **May 2, 2018** |
|---|---|---|---|
| Title | **Munchkin, Inc. v. Luv N' Care, Ltd. and Admar International, Inc.** | | |

jurisdiction to enter final judgment.  Id. at 1319.  It held that because the district court entered a final judgment in favor of defendant, not in response to a voluntary motion to dismiss but in response to a request for judgment based on the PTO cancellation of the patent in suit, defendant was a prevailing party.  Id. at 1321.  The Federal Circuit did not view mootness as an impediment to a final judgment based on invalidation of patents in suit by the PTO.  Two other cases, choosing between a voluntary Rule 41(a)(2) dismissal or a final judgment, opted for the latter to avoid the risk of prejudice to defendant, i.e., loss of prevailing party status.  Peschke, supra; Hopkins, supra.  All three of these cases explicitly granted final judgment based on the cancellation of the patents in suit.

Munchkin relies on Fresenius USA, Inc. v. Baxter Int'l Inc., 721 F.3d 1330 (Fed. Cir. 2013) which held that cancellation of patent claims renders any court infringement claim based on the cancelled patents moot.  Fresenius, however, does not address subject matter jurisdiction or how a plaintiff's moot infringement claims should be dismissed or whether those claims should be dismissed under Rule 41(a)(2) or under Rules 54, 56 and 58.  Munchkin also relies on Kimberly-Clark Worldwide, Inc. v. First Quality Baby Prods, 2017 U.S. Dist. LEXIS 18530 (E.D. Wisc.) but in that case the parties stipulated to a final judgment which was entered by the Court notwithstanding invalidation of the patents in suit by the PTO.  It did not even involve dismissal under Rule 41(a)(2).  Munchkin has not provided any definitive authority that, on cancellation of patent claims by the PTO, infringement claims based on the patent must be dismissed only under Rule 41(a)(2).  Thus, in order to avoid prejudice to Defendants' prevailing party status, the Court like the Courts in Inland Steel, Peschke and Hopkins will enter final judgment rather than a voluntary dismissal with prejudice under Rule 41(a)(2).

Accordingly, the Court GRANTS Defendants' Motion for Entry of Final Judgment.  The Court separately will enter a form of Defendants' Amended (Proposed) Final Judgment.  (Dkt. 184-1.)

cc: Parties

_____ : _____
Initials of Preparer         slo